IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DONALD C. HOSKINSON, | § § | |
| *Plaintiff,* | § § § | SA-21-CV-01288-FB |
| vs. | § § | |
| JAMES CHATHAM, JOYCE CHATHAM, DEANNA L. RECTOR-HOSKINSON, | § § § § § | |
| *Defendants.* | § § | |

## ORDER

Before the Court in the above-styled cause of action is Plaintiff's *pro se* Motion to Appoint Counsel [#3], by which Plaintiff asks the Court to appoint him an attorney in this matter. The record reflects that Plaintiff has paid the full filing fee as directed by the Court, and the District Court has re-referred this case to the undersigned for all pretrial proceedings. The undersigned therefore has authority to enter an order on Plaintiff's motion to appoint counsel pursuant to 28 U.S.C. § 636(b)(1)(A). The Court will deny the motion.

This Court has discretion to appoint counsel in a civil case, but there is no right to the appointment of counsel. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Under governing law, appointment of counsel in a civil case should be allowed only in exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982) (citation omitted); *see Cupit*, 835 F.2d at 86. In determining whether exceptional circumstances exist and whether the court in its discretion should appoint counsel in such a case, the following factors are relevant: (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately representing herself; (3) the plaintiff's ability to adequately

investigate and present her case; (4) the presence of evidence which consists largely of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination; and (5) the likelihood that appointment will benefit the plaintiff, the court, and the defendants by shortening the trial and assisting in a just determination.  *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

The Court finds no exceptional circumstances to be present in this case.  This case alleges fraudulent misrepresentation in connection with a real estate transaction.  Plaintiff's factual allegations in his Complaint are detailed and clear.  The Court finds Plaintiff is able to adequately communicate with the court and to represent himself at this stage of the proceedings.

Plaintiff is responsible for ensuring service of his Complaint and summons on all Defendants.  *See* Fed. R. Civ. P. 4.  A copy of a form for requesting issuance of summons from the Clerk of Court is available on the Western District of Texas website.  All Defendants must be served within 90 days of the filing of this case.  *See id.* at 4(m).

In light of the fact that Plaintiff is representing himself *pro se* in this action, the Court directs him to the following resources to assist him in prosecuting his case:

- The Federal Rules of Civil Procedure, available at: www.uscourts.gov/file/rules-civil-procedure

- This Court's Local Rules, available at https://www.txwd.uscourts.gov/court-information/lcr-civil-rules/

- The "Complete Pro Se Manual" which is available on the Court's website at: https://www.txwd.uscourts.gov/filing-without-an-attorney/.

Plaintiff is directed to familiarize himself with these resources.  Also, although *pro se* litigants are held to a less stringent standard, they are nevertheless required to follow the rules that govern all litigants in federal court.  *Grant v. Cuellar*, 59 F.3d 524, 524 (5th Cir. 1995).  These rules

include but are not limited to the rules and Court orders regarding conference with opposing counsel, following deadlines imposed by the rules and the Court's Scheduling Order, observing the response times for motions as set forth in Local Rule CV-7, and keeping the Court updated with a current address to ensure all filings are received.  In light of the foregoing,

**IT IS HEREBY ORDERED** that action is Plaintiff's Motion for Appointment of Counsel [#3] is **DENIED**.

SIGNED this 9th day of March, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE