IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DONALD C. HOSKINSON, | § § § | |
| *Plaintiff,* | § § | SA-21-CV-01288-FB |
| vs. | § § § | |
| JAMES CHATHAM, JOYCE CHATHAM, DEANNA L. RECTOR-HOSKINSON, | § § § § § | |
| *Defendants.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns this Court's subject matter jurisdiction over this case. The District Court referred this case to the undersigned for all pretrial proceedings on January 25, 2022. The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction.

**I.  Analysis**

This Court has an obligation to evaluate its subject matter jurisdiction at any point in the course of a case and to do so *sua sponte*, meaning on its own motion. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Plaintiff filed his Complaint on December 15, 2021, proceeding *pro se*, along with a motion to proceed *in forma pauperis*. The undersigned recommended that the motion be denied on the basis that Plaintiff, who is currently incarcerated, had sufficient funds to pay the filing fee in his inmate account. Before the District Court adopted the recommendation,

1

Plaintiff paid a portion of the filing fee, and the District Court dismissed the report and recommendation as moot. The undersigned thereafter ordered Plaintiff to pay the remaining portion of the filing fee. Once paid, the Court ordered service of Plaintiff's Complaint. Defendant Deanna L. Rector-Hoskinson filed her *pro se* Answer [#25] on June 24, 2022. After reviewing the Answer and Plaintiff's Complaint, the undersigned finds that this case should be dismissed for lack of jurisdiction.

Plaintiff's Complaint sues his ex-wife, Deanna L. Rector-Hoskinson, and her parents, James Chatham and Joyce Chatham, for fraudulent inducement. Plaintiff contends that Defendants intentionally deceived him into investing his "life savings" in various improvements to real property in Adkins, Texas, with a promise to inherit the property upon the death of Mr. and Ms. Chatham. According to Plaintiff's Complaint, after Plaintiff made these investments, his adult daughter notified Ms. Rector-Hoskinson that she had been sexually assaulted by Plaintiff as a teenager. Plaintiff alleges that, upon receiving this information, Ms. Rector-Hoskinson surreptitiously transferred Plaintiff's funds to her sole account and then had Plaintiff removed from the property for trespassing. By this suit, Plaintiff seeks the return of funds paid to various contractors for the physical improvements to the property, as well as exemplary damages.

Ms. Rector-Hoskinson's Answer provides the Court with the divorce decree entered by the 81st Judicial District Court in Wilson County, Texas, on June 12, 2017, dissolving the marriage between Plaintiff and Ms. Rector-Hoskinson, as well as a 2016 conviction against Plaintiff for various sexual offenses against a minor by the State of Virginia. The divorce decree awards Ms. Rector-Hoskinson "[a]ll sums of cash in [her] possession . . . or subject to her sole control, including funds on deposit . . . , in banks, savings institutions, or other financial

institutions, which accounts stand in [her] sole name or from which [she] has the sole right to withdraw funds or which are subject to [her] sole control." The divorce decree similarly awards Plaintiff those funds in his sole control. By this lawsuit, Plaintiff asks the Court to reimburse him for certain funds expended or transferred prior to the dissolution of his marriage. In other words, Plaintiff ask the Court to review the disposition of marital assets by the state court. This Court lacks jurisdiction to modify the parties' underlying divorce decree under the *Rooker-Feldman* doctrine.

Under the *Rooker-Feldman* doctrine, an individual may not file a suit in federal court to collaterally attack a state civil judgment. *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). The *Rooker-Feldman* doctrine establishes that a federal court lacks subject matter jurisdiction when issues in federal court are "inextricably intertwined" with a final state court judgment. *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995). Federal courts have consistently applied *Rooker-Feldman* as a bar to federal jurisdiction over matters related to family law disputes, such as divorce, child support, and child custody. *Bertling v. Westrup*, No. SA-18-CA-563-XR-HJB, 2018 WL 6381001, at *3 (W.D. Tex. Aug. 13, 2018) (collecting cases).

Although the Fifth Circuit has recognized that there are some circumstances in which a federal lawsuit challenging a state court judgment would not be barred under *Rooker-Feldman*, for a plaintiff to survive *Rooker-Feldman*'s bar, there must be alleged injuries caused by something other than the state court judgment itself. *Saloom v. Tex. Dep't of Family & Child Protective Servs.*, 578 Fed. App'x 426, 428–29 (5th Cir. 2014). Here, Plaintiff alleges he was fraudulently induced to invest his life savings in property to be inherited by him and his ex-wife

during their marriage. Even if Plaintiff could demonstrate that Defendants' actions caused him injury separate and apart from the divorce decree, his fraudulent inducement allegations are time-barred. The statute of limitations for fraud is four years in Texas. Tex. Civ. Prac. & Rem. Code § 16.004(a). Plaintiff filed this action on December 15, 2021, and his divorce decree was entered on June 12, 2017. Any fraud predating the divorce decree falls outside of the governing limitations period. To the extent that Plaintiff is arguing that the state court was wrong to divide the property the way it did because of fraud, this Court may not revisit that decision because the state court has already adjudicated the parties' property interests. A federal lawsuit in this Court is not the proper vehicle for Plaintiff to seek a modification of the divorce decree.

Moreover, even if Plaintiff's claims were not barred by *Rooker-Feldman* or the statute of limitations, this Court lacks jurisdiction for another reason. Federal courts are courts of limited jurisdiction and only have authority to hear a case if it falls under one of two categories of federal jurisdiction: (1) federal question, 28 U.S.C. § 1331 or (2) diversity jurisdiction, 28 U.S.C. § 1332. Plaintiff does not assert a federal cause of action so this case does not fall under this Court's federal-question jurisdiction, and his Complaint states that he is proceeding under this Court's diversity jurisdiction. This Court has diversity jurisdiction where a lawsuit is between citizens of different states (as here) and the amount in controversy exceeds $75,000 based on the facts as alleged on the face of the plaintiff's complaint. 28 U.S.C. § 1332(a); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Plaintiff's Complaint states that the amount in controversy exceeds $75,000 but he only identifies damages in the amount of $71,000. (*See* Compl. [#2], at 12–13 (listing funds contributed to home improvements).)

Courts evaluate the amount in controversy by looking at the face of the complaint and determining whether the claimed amount of damages exceeds the jurisdictional threshold. *Ervin*

*v. Sprint Commc'ns Co.*, 364 Fed. App'x 114, 117 (5th Cir. 2010).  Based on the face of Plaintiff's Complaint, his lawsuit also does not fall under either statutory basis for this Court's subject matter jurisdiction.  Plaintiff does not assert a federal cause of action, and Plaintiff does not allege that the amount in controversy in this case exceeds $75,000.  Even if Plaintiff could cure this defect in his jurisdictional pleadings, the Court would still lack subject matter jurisdiction over this case for the reasons stated above.

## II.  Conclusion and Recommendation

Having considered the facts alleged in Plaintiff's Complaint and Ms. Rector-Hoskinson's Answer, the undersigned concludes that there is no subject matter jurisdiction over this case and therefore recommends that Plaintiff's Complaint be **DISMISSED**.

## III.  Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52

(1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

  SIGNED this 13th day of July, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE